**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
MELISA MARTIN,

                        Plaintiff,                        Case No.:

        v.

                                                **COMPLAINT**

NIEUW AMSTERDAM PROPERTY MANAGEMENT,
LLC, LITTLELEAF PROPERTY MANAGEMENT,
LLC, AAA WEST AAA, LLC ("AAA") and VICENTE    **Jury Trial Demanded**
"RAUL" ALVAREZ, in his individual and professional
capacities,

                        Defendants.
------------------------------------------------------------------------X

      Plaintiff Melisa Martin ("Plaintiff"), by and through her attorneys, Wigdor LLP, as and for her Complaint against Defendants Nieuw Amsterdam Property Management, LLC ("NAPM"), Littleleaf Property Management, LLC ("Littleleaf") (NAPM and Littleleaf together, "NAM"), AAA West AAA, LLC ("AAA") (NAM and AAA, together, the "Corporate Defendants") and Vicente "Raul" Alvarez ("Alvarez") (all together, the "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

      1.      In July of 2021, Plaintiff Melissa Martin flew from Florida to New York City to assist her ex-husband with cleaning out his mother's apartment (the "Apartment"), located in the apartment complex at 2470 West First Street, Brooklyn, New York 11223 (the "Apartment Complex").

      2.      Mr. Alvarez is the Superintendent of the Apartment Complex. At all relevant times, the Corporate Defendants (who own and manage the Apartment Complex) were well aware that Mr. Alvarez posed a danger to the women who lived and spent time in the Apartment

1

Complex. Indeed, the Corporate Defendants had received multiple complaints and reports of Mr. Alvarez's sexually harassing and threatening behavior, but had turned a blind eye to them all.

3. As a result of the Corporate Defendants' negligence, Mr. Alvarez was still working as the Superintendent of the Apartment Complex after the complaints had been made about him when Ms. Martin visited in July 2021. Thus, it was a direct result of the Corporate Defendants' negligence that Ms. Martin was ultimately sexually assaulted by Mr. Alvarez on three separate occasions on July 7, 2021.

4. Specifically, Mr. Alvarez repeatedly and forcibly groped Ms. Martin, without her consent, around her body, anus and vagina, causing significant pain and injuring Ms. Martin. While doing so, he repeatedly stated that she was "so hot" and that he "wanted [her] so bad."

5. On July 9, 2021, after Ms. Martin reported the sexual assaults to the police, Mr. Alvarez was arrested and charged with: (i) two counts of forcible touching, PL 130.52(1); (ii) sexual abuse in the third degree, PL 130.55; and (iii) harassment in the second degree, PL 240.26(1).

6. Upon information and belief, Mr. Alvarez subsequently pled guilty to one or more of these charges. Even after his plea, he remains employed by the Apartment Complex.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is a diversity of citizenship among the parties and this action involves an amount in controversy in excess of $75,000, excluding interests and costs.

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred

there. Defendants NAPM, Littleleaf, NAM and AAA have business operations located in this District, and Mr. Alvarez is a resident of this District.

## PARTIES

9. Plaintiff Melisa Martin is a resident of the State of Florida.

10. Defendant Nieuw Amsterdam Property Management, LLC is a New York-registered limited liability company with its headquarters located in New York, NY.

11. Defendant Littleleaf Property Management, LLC is a New York-registered limited liability company with its headquarters located in New York, NY.

12. Defendant AAA West AAA LLC is a New York-registered limited liability company with its headquarters in New York, NY.

13. Defendant Vicente "Raul" Alvarez is the Superintendent of the Apartment Complex located at 2470 West First Street, Brooklyn, New York 11223. Upon information and belief, Defendant Alvarez is a resident of Kings County, New York.

## FACTUAL ALLEGATIONS

### I. BACKGROUND

14. Mr. Alvarez is the Superintendent at the Apartment Complex.

15. Over the years, Mr. Alvarez has sexually harassed numerous women at the Apartment Complex.

16. By way of example only, Mr. Alvarez sexually harassed Jane Doe 1, a tenant on the seventh floor, by repeatedly hitting on her and asking whether she was single.

17. This harassment was reported to NAM, but nothing was done. By way of another example, Mr. Alvarez egregiously sexually harassed Jane Doe 2, the tenant in apartment 7F.

18. Mr. Alvarez repeatedly propositioned Ms. Doe 2 for sex, and also repeatedly offered to pay her rent or make her car payments if she would have sex with him.

19. He further made numerous sexually charged comments to Ms. Doe 2, including, *inter alia*, when he was in her apartment and said, "what is a single mom doing all alone in this big bed," suggesting that he and she should be sleeping together in the bed.

20. During one telephone call, Mr. Alvarez said, *inter alia*, "I'm so hot right now, very hot." This was said in a sexualized voice that was intended to convey that he was horny.

21. As if this was not enough, Mr. Alvarez also sent Ms. Doe 2 inappropriate sexual text messages.

22. By way of example, on one occasion Ms. Doe 2 asked Mr. Alvarez to fix a light in her apartment. In response, he sent her an emoji with hearts and wrote, "I want to make us so happy . . . what [do] you think."

23. After Ms. Doe 2 made clear to Mr. Alvarez that she was not interested in his advances, he wrote, "I know but you need to do is something that you can stay only you[,] you need somebody behind you . . . You are so beautiful lady I like you so what do you think."

24. After she again told him, "I'm sorry, No," Mr. Alvarez persisted and wrote, "Please give me happy you."

25. On another occasion, Ms. Doe 2 told Mr. Alvarez *via* text message, "I am not interested in dating anyone right now." Mr. Alvarez responded, "What's up baby g[irl] . . . What happen you gay."

26. In approximately the summer of 2020, Ms. Doe 2 contacted NAM to report Mr. Alvarez's sexually harassing conduct.

4

27. Her complaints were never even investigated, and no remedial action was taken against Mr. Alvarez.

28. Indeed, Mr. Alvarez continued to sexually harass Ms. Doe 2 even after her complaint.

29. For instance, on one occasion Mr. Alvarez was staring at Ms. Doe 2 while she was doing laundry.

30. After she asked him what he was doing, Mr. Alvarez stated that he was "just admiring the view," referring to her body.

31. Thereafter, Mr. Alvarez sent Ms. Doe 2 a text message in which he asked her to give him a kiss.

32. She again reported Mr. Alvarez to NAM, and even sent a copy of the text message to them. Once again, no remedial action was taken.

33. Simply put, it is absolutely unbelievable that, when Ms. Martin visited the Apartment Complex in July 2021, Mr. Alvarez was still employed by NAM and AAA.

## II. MR. ALVAREZ SEXUALLY ASSAULTS MS. MARTIN

34. In July 2021, Ms. Martin was visiting her ex-husband, who lives in the Apartment Complex.

35. The purpose of her visit was to help her ex-husband clean out the apartment (the "Apartment") that was occupied by his mother, who had recently passed away.

36. On July 7, 2021, Ms. Martin was throwing out a bag of garbage in a trash bin near Mr. Alvarez's office.

37. As Ms. Martin's back was turned, Mr. Alvarez came out of his office and grabbed her.

38. Mr. Alvarez thrust his penis up against Ms. Martin and began to grope her vagina and anus through her tights.

39. As he was doing this, Mr. Alvarez was saying to Ms. Martin that she was "so hot" and that he "wanted [her] so bad."

40. Ms. Martin, mortified, was able to wrestle herself away from Mr. Alvarez and make her way to the elevator.

41. However, Mr. Alvarez pushed himself into the elevator with her and pushed the button for the fourth floor, where he lives.

42. Once in the elevator, Mr. Alvarez sexually assaulted Ms. Martin for a second time.

43. Once again, Mr. Alvarez groped Ms. Martin and shoved his hands between her legs, grabbing at her vagina and anus.

44. He also told Ms. Martin that he wanted her to "come to [his] room."

45. Ms. Martin was initially able to free herself, but as she did so, the elevator door began to open, and Mr. Alvarez sexually assaulted her for a third time.

46. Mr. Alvarez again grabbed at Ms. Martin's vagina and also attempted to drag her out of the elevator with him.

47. He also again asked Ms. Martin to come to his room with him.

48. Ms. Martin again physically resisted and verbally told Mr. Alvarez to stop.

49. Finally, after Mr. Alvarez demanded that she promise not to tell anyone about his conduct, Ms. Martin was able to free herself.

### III. MR. ALVAREZ IS PROSECUTED

50. Mr. Alvarez was arrested on July 9, 2021, and ultimately was charged with: (i) two counts of forcible touching, PL 130.52(1); (ii) sexual abuse in the third degree, PL 130.55; and (iii) harassment in the second degree, PL 240.26(1).

51. Despite the fact that he had sexually assaulted Ms. Martin, and even been arrested, Mr. Alvarez continues to work as the superintendent of the Apartment Complex.

52. Upon information and belief, Mr. Alvarez subsequently pled guilty to one or more of these charges.

53. Even after his plea, he remains employed by the Apartment Complex.

### FIRST CAUSE OF ACTION
**(Battery)**
*Against Defendant Alvarez*

54. Plaintiff hereby repeats, reiterates and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

55. The violent sexual acts committed intentionally by Defendant Alvarez against Plaintiff and without her consent, including, but not limited to, his sexual assault of Plaintiff, constitute harmful and offensive contact to Plaintiff's person.

56. As a direct and proximate result of the aforementioned assault, Plaintiff has sustained in the past, and will sustain in the future, *inter alia*, physical injury, monetary damages, pain and suffering, psychological and emotional distress, mental anguish, embarrassment, and humiliation.

57. Defendant Alvarez's conduct was wanton, malicious, willful and/or cruel, entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION
### (Assault)
*Against Defendant Alvarez*

58. Plaintiff hereby repeats, reiterates and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

59. The violent sexual acts committed intentionally by Defendant Alvarez against Plaintiff and without her consent, including, but not limited to, his sexual assault of Plaintiff, created a reasonable apprehension in Plaintiff of immediate harmful or offensive contact to Plaintiff's person.

60. As a direct and proximate result of the aforementioned assault, Plaintiff has sustained in the past, and will continue to sustain, *inter alia*, physical injury, monetary damages, pain and suffering, psychological and emotional distress, and humiliation.

61. Defendant Alvarez's conduct was wanton, malicious, willful and/or cruel, entitling Plaintiff to an award of punitive damages.

## THIRD CAUSE OF ACTION
### (Negligence)
*Against Defendants NAPM, Littleleaf and AAA*

62. Plaintiff realleges and reasserts each of the preceding paragraphs as if fully set forth herein.

63. NAPM, Littleleaf, and AAA owed Plaintiff and the general public a duty of reasonable care in the hiring, training and supervision of its employees.

64. NAPM, Littleleaf, and AAA breach that duty of care in the hiring, retention and/or supervision of Alvarez, who was clearly a sexual predator, and who was not adequately trained or supervised to be around residents and/or guests of the Apartment Complex. NAPM, Littleleaf

and AAA knew or should have known that Alvarez was a sexual predator and could lead to a risk of the very type of danger and harm that occurred on July 7, 2021.

65. As a direct and proximate result of the negligence, carelessness, recklessness, and unlawfulness of Defendant, Plaintiff has sustained in the past, and will continue to sustain, *inter alia*, physical injury, monetary damages, pain and suffering, psychological and emotional distress, and humiliation.

66. NAPM, Littleleaf and AAA knew or reasonably should have known that Alvarez was unfit and employed him with a conscious disregard of the rights or safety of others. Such conduct was wanton, malicious, willful and/or cruel, entitling Plaintiff to an award of punitive damages.

67. Accordingly, Plaintiff is entitled to recovery against Defendants in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the State of New York;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. Enter a permanent injunction directing that Defendants take all affirmative steps necessary to remedy the effects of the unlawful conduct alleged in this Complaint, and to prevent repeated occurrences in the future;

D. An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or non-monetary losses suffered by Plaintiffs; for all non-monetary and/or compensatory harm, including, but not limited to, compensation for mental anguish and physical injuries; as well as all other monetary and non-monetary losses suffered by Plaintiff

E. An award of punitive damages;

F. An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

G. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: June 14, 2022
New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____
Michael J. Willemin

85 Fifth Avenue
New York, NY  10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com

*Counsel for Plaintiff*

10